

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00535-CR

Karl Arthur **KEENE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR7223
Honorable Joel Perez, Judge Presiding

Opinion by:  H. Todd McCray, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: November 12, 2025

AFFIRMED

On August 21, 2023, Karl Arthur Keene was indicted for threatening violence to influence the conduct or activities of a branch or agency of the federal government, the state, or a political subdivision of the state. *See* TEX. PENAL CODE ANN. § 22.07(a)(6). Pursuant to a plea agreement, Keene pled guilty to the lesser included offense of terroristic threat. *See* TEX. PENAL CODE ANN. § 22.07(c). The trial court deferred adjudication of guilt and placed Keene on community supervision for a period of one year. On May 14, 2024, the State moved to adjudicate guilt, alleging that Keene

had violated the terms of community supervision. Keene pled true to the alleged violation. The trial court revoked Keene's probation, adjudicated him guilty of the charged offense, and sentenced him to 180 days in county jail.

Keene's court-appointed appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel explains that there are no arguable points of error for him to advance on Keene's behalf. *See id*. at 744-45. Counsel concludes that this appeal is frivolous and without merit. *See id.*; *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978). The brief meets the requirements of *Anders* in presenting a professional evaluation showing why there is no basis to advance an appeal. *See id*. Further counsel has complied with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) in that counsel has certified that he served copies of the brief and the motion to withdraw on Keene, he has informed Keene of his right to review the record and to file a pro se brief, and he has explained to Keene the procedure for obtaining the record. *See id*. at 319-20. This court subsequently set a deadline for Keene to request a copy of the record and to file a pro se brief. Keene did not request a copy of the record, nor did he file a pro se brief.

We have thoroughly reviewed the record and counsel's brief. We find no arguable grounds for appeal and agree with counsel that this appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). The judgment of the trial court is therefore affirmed. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.);

*Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel's motion to withdraw is granted.[1] *See id.*

H. Todd McCray, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Keene wish to seek further review of this case, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure and be filed in the Texas Court of Criminal Appeals within thirty days from either the date of this opinion or the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2-68.4.